Lanning M. Trueb, ABA #8911083
JOHNSON BEARD & TRUEB, PC
330 L Street
Anchorage, Alaska 99501
(907) 277-0161 Phone
(907) 277-0164 Fax
Email: Lmtrueb@msn.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CHRISTINA WALKER,<br>As Personal Representative of the Estate of<br>Sean Patrick O'Callahan,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ALASKAN DREAM FISHERIES, LLC, *in personam*, and the F/V ALASKAN DREAM, O.N. 1196955, and her engine, tackle, gear, apparel, furniture and equipment, *in rem*,<br><br>　　　　　　　　　　　　Defendants. | Case No. 3:18-cv-_____<br><br>**VERIFIED COMPLAINT**<br>***IN REM* AND *IN PERSONAM* FOR WRONGFUL DEATH** |

Plaintiff Christina Walker, as Personal Representative of the Estate of Sean Patrick O'Callahan, for the purpose of bringing maritime claims related to Sean Patrick O'Callahan's death, through counsel Lanning M. Trueb of Johnson Beard & Trueb, PC, and for her Verified Complaint *In Rem* and *In Personam* for wrongful death, alleges the following causes of action against the defendants.

**INTRODUCTION/JURISDICTION/PARTIES**

1. This is a case of admiralty and maritime jurisdiction as hereinafter more fully appears. This is an admiralty and maritime claim within the meaning of Fed. R. Civ. P. 9(h). The negligent actions against decedent's employer arises under §33 of the Merchant Marine Act

**Verified Complaint**
*Walker & Estate of Sean P. O'Callahan v. Alaskan Dream Fisheries, LLC* Page 1 of 9

of 1920, presently found at 46 U.S.C. § 30104 (Jones Act). Other claims arise under the general maritime law. Remedies are under the Jones Act, the Death on High Seas Act (46 U.S.C. §§ 30301-30308), and/or the general maritime law. Plaintiff waives the right to a trial by jury and elects to try this action before your honor only on the admiralty side of this Honorable Court, without jury. For the reasons noted more fully below, both jurisdiction and venue are appropriate before this Court.

2. Sean O'Callahan, a seaman, died aboard a vessel on the navigable waters off Kodiak Island, Alaska. This Court has both subject matter and personal jurisdiction over all of the claims in this matter.

3. Sean O'Callahan's injuries and death occurred on or about February 27-28, 2015. Per 46 U.S.C. § 30106, the claims in this matter are timely filed.

4. Sean O'Callahan at all times relevant was a citizen of the United States.

5. At the time of death, Sean O'Callahan was a single man.

6. At the time of death, Sean O'Callahan had one natural child, his minor son, C.M.C.O, born in 2014. He had no other children, natural, adopted, or otherwise; and no other dependents.

7. Christina Walker is the duly appointed Personal Representative of the Estate of Sean O'Callahan for the purpose of bringing maritime claims related to Sean Patrick O'Callahan's death; and is the natural mother, guardian and conservator of the decedent's minor son, and is entitled to bring this action.

8. During all times herein mentioned, Alaskan Dream Fisheries, LLC was a business incorporated in the State of Alaska, conducting business in the State of Alaska, with its principle place of business in Kodiak, Alaska.

**Verified Complaint**
*Walker & Estate of Sean P. O'Callahan v. Alaskan Dream Fisheries, LLC* Page 2 of 9
Case 3:18-cv-00048-SLG Document 1 Filed 02/21/18 Page 2 of 9

JOHNSON BEARD & TRUEB, PC
330 L STREET
ANCHORAGE, ALASKA 99501
PHONE (907) 277-0161
FAX (907) 277-0164

9. During all times herein mentioned, defendant Alaskan Dream Fisheries, LLC was the owner and/or owner *pro hac vice* and/or operator and/or charterer and/or controller of the F/V ALASKAN DREAM, O.N. 1196955.

10. The *in rem* defendant F/V ALASKAN DREAM is a vessel, and is now or will, during the pendency of process hereinafter, be within this district and the jurisdiction of the Court.

## FACTUAL ALLEGATIONS

11. Plaintiff hereby realleges and incorporates paragraphs 1 –10.

12. On or before February 27, 2015, Sean O'Callahan was engaged as a seaman by defendant Alaskan Dream Fisheries, LLC and/or its representatives, officers, agents, crew, employees, to be employed aboard the F/V ALASKAN DREAM. At all material times, defendant Alaskan Dream Fisheries, LLC was Sean O'Callahan's employer.

13. On or about February 27, 2015, the F/V ALASKAN DREAM left Kodiak to head for the fishing grounds.

14. While in route to the fishing grounds, Sean O'Callahan and the other crew worked in preparation of commercial fishing.

15. While doing his work as a crew member, Sean O'Callahan was observed by other crew and the Captain to have difficulty keeping his balance, swaying, falling asleep while working, and moving and working much slower than the other crew. His speech was at times jumbled and confused.

16. The crew talked with Sean O'Callahan, but could not determine what was wrong with him. At no time did any of the crew, or the Captain, smell alcohol on Sean O'Callahan.

**Verified Complaint**
*Walker & Estate of Sean P. O'Callahan v. Alaskan Dream Fisheries, LLC*
Case 3:18-cv-00048-SLG   Document 1   Filed 02/21/18   Page 3 of 9
Page 3 of 9

17. Based on Sean O'Callahan's actions, comments and confusion, the Captain was concerned something was medically wrong with Sean O'Callahan. The Captain had a talk with Sean O'Callahan but could not determine what was wrong.

18. Thereafter, the Captain talked with the rest of the crew about Sean O'Callahan's actions, comments, confusion and other symptoms. The Captain expressed his concern about the propriety of having Sean O'Callahan stay aboard the vessel. The Captain talked with the other crew about either turning the vessel around and heading back to Kodiak, or transferring Sean O'Callahan over to a tender vessel which he knew to be heading back to Kodiak.

19. The Captain made the decision not to head back to Kodiak or transfer Sean O'Callahan to another vessel for transport to Kodiak. He also made the decision not to call the United States Coast Guard, a medical clinic, or a maritime on-call physician for input and/or advice on Sean O'Callahan's condition; and what he, the Captain, might do to address actions, comments, confusion and other symptoms he observed. Rather, the Captain made the decision to simply send Sean O'Callahan to his bunk.

20. Sean O'Callahan went to his bunk as directed by the Captain at about 0130 ADT, February 28, 2015. A short time later, the Captain saw Sean O'Callahan in his bunk with his sock in his hand. Thereafter, no one checked on Sean O'Callahan's well-being.

21. At around 1000 ADT, February 28, 2015, the Captain went to the crew bunks, turned on the lights, and roused the crew for work.

22. Shortly thereafter, and recognizing Sean O'Callahan had not gotten up, the Captain returned to the bunks. When he got alongside Sean O'Callahan's bunk, he observed that Sean O'Callahan was blue in color. The Captain shook Sean O'Callahan, but found that Sean O'Callahan's body was stiff.

**Verified Complaint**
*Walker & Estate of Sean P. O'Callahan v. Alaskan Dream Fisheries, LLC* Page 4 of 9

JOHNSON BEARD & TRUEB, PC
330 L STREET
ANCHORAGE, ALASKA 99501
PHONE (907) 277-0161
FAX (907) 277-0164

23. At this point, the Captain called the United States Coast Guard to ask what he should do. By then, however, Sean O'Callahan was already dead.

## CLAIMS UNDER THE JONES ACT AND GENERAL MARITIME LAW

24. Plaintiff hereby realleges and incorporates Paragraphs 1-23.

25. A vessel employer and owner, in this case defendant Alaskan Dream Fisheries, LLC, has an absolute duty to provide timely, appropriate and adequate medical care to all seaman, including Sean O'Callahan, employed as seaman aboard its vessel. This medical care is known under the general maritime law as "cure".

26. The vessel employer/owner's obligation to provide timely, appropriate and adequate cure is the most pervasive of all the obligations owed a seaman.

27. The vessel employer/owner has a duty to have in place a plan by which to address medical situations aboard the vessel as they arise. This duty may require the vessel call the United States Coast Guard, a shore side medical clinic or facility, or a physician, in order to obtain advice and recommendations on observed conditions of a seaman which cause concern.

28. The vessel employer/owner's duty to provide timely, appropriate and adequate cure is an affirmative duty. The duty to provide cure is not diminished by a seaman stating they think themselves okay, and not in need of medical advice, recommendation or care.

29. Under the General Maritime law duty of cure, defendant's duty to plaintiff included the duty to resolve all doubts or ambiguities as to plaintiff's need for emergent medical care, including medical evacuation from the F/V ALASKAN DREAM in favor of seeking, rendering, and providing such emergent care. Defendant breached its duty to provide proper care.

**Verified Complaint**
*Walker & Estate of Sean P. O'Callahan v. Alaskan Dream Fisheries, LLC*

30. A breach of the duty to provide cure gives rise to a claim under the Jones Act for consequential damages.

31. The failure to have in place a plan by which to address medical situations aboard the vessel as they arise constitutes a failure to provide seamen with a safe place to work and a breach of other obligations under the Jones Act.

32. The failure to have in place a plan by which to address medical situations aboard the vessel as they arise renders the vessel unseaworthy under the general maritime law.

33. Where the vessel employer/owner's breach of the obligation to provide timely, appropriate and adequate cure is was willful, intentional, callous, and/or done with a deliberate disregard of a seaman's well-being, the failure to provide cure subjects the employer/owner to exemplary damages, including punitive damages and attorney's fees.

34. Defendants breached its duties and was negligent under the Jones Act with respect to Sean O'Callahan by failing to provide him with timely, appropriate and adequate cure and medical care, by not having in place a plan to address Mr. O'Callahan's medical situation, by not returning to Kodiak to get Mr. O'Callahan medical care, by not transferring Mr. O'Callahan to another vessel for transit to medical care, for not radioing or otherwise contacting the United States Coast Guard to obtain advice and recommendation regarding Mr. O'Callahan, for not radioing or otherwise contacting a shore side medical clinic or facility to obtain advice and recommendation regarding Mr. O'Callahan, for not radioing or otherwise contacting a physician – maritime on-call or otherwise – to obtain advice and recommendation regarding Mr. O'Callahan, for not monitoring Mr. O'Callahan's well-being, and for other reasons to be determined through the course of the present claims. These same acts and conditions rendered the F/V ALASKAN DREAM unseaworthy.

**Verified Complaint**
*Walker & Estate of Sean P. O'Callahan v. Alaskan Dream Fisheries, LLC* Page 6 of 9

35. As a direct and proximate result of said negligence and/or unseaworthiness as herein alleged, Sean O'Callahan was caused to suffer pain, death and damages. The damages to the Estate of Sean O'Callahan and to his statutory and legal beneficiary include but are not limited to damages under the Jones Act, general maritime law, and the Death on the High Seas Act. These damages include, but are not limited to, Sean O'Callahan's pre-death pain and suffering, loss of economic support, loss of inheritance, and loss of care, nurture and guidance.

36. Defendant Alaska Dream Fisheries, LLC's failure to provide Sean O'Callahan timely, appropriate and adequate cure was willful, intentional, callous, and done with a deliberate disregard of Sean O'Callahan's well-being. Under the general maritime law, defendant's actions give rise to exemplary damages, including punitive damages and attorney's fees, in an amount to be determined at trial in this matter.

WHEREFORE, PREMISES CONSIDERED, plaintiff prays this Court to hear her just cause of action, and that this Court require defendants to answer her just cause of action, and that she be awarded judgment against defendants as follows:

1. That Plaintiff be awarded damages for the legal beneficiary against defendants Alaskan Dream Fisheries, LLC and/or F/V ALASKAN DREAM for pre-death pain and suffering, loss of support, loss of inheritance, loss of care, nuture and support, and other applicable losses under the Jones Act, Death on the High Seas Act, and the general maritime law in a sum in excess of One Hundred Thousand Dollars ($100,000.00), in an amount to be more fully determined at trial in this matter.

2. That the defendant F/V ALASKAN DREAM be held to answer to an *in rem* judgment, with all available *in rem* procedures; and that plaintiff be adjudged as a holder of a personal, preferred maritime lien against the vessel.

**Verified Complaint**
*Walker & Estate of Sean P. O'Callahan v. Alaskan Dream Fisheries, LLC* Page 7 of 9

3. That plaintiff be awarded exemplary damages, including punitive damages and attorney's fees, in an amount to be more fully determined at trial in this matter.

4. That plaintiff be awarded attorney's fees, prejudgment interest, post-judgment interest, costs, and any other relief in law or equity to which plaintiff is shown to be entitled.

DATED this 20th day of February, 2018, at Anchorage, Alaska.

                    JOHNSON BEARD & TRUEB, PC
                    Attorney for Plaintiff

By: /s/ Lanning M. Trueb
     Lanning M. Trueb
     330 L Street
     Anchorage, Alaska 99501
     Phone: 907.277.0161

**Verified Complaint**
*Walker & Estate of Sean P. O'Callahan v. Alaskan Dream Fisheries, LLC*

Case 3:18-cv-00048-SLG   Document 1   Filed 02/21/18   Page 8 of 9

Page 8 of 9

# VERIFICATION

The undersigned is the attorney for Christina Walker, the Personal Representative of the Estate of Sean Patrick O'Callahan, deposes and says: Christina Walker is outside the District, the undersigned is authorized to sign this verification, he has read the above and foregoing Complaint *in rem* and *in personam*, knows the contents thereof and that the same is true to the best of his knowledge and belief based upon the information furnished to him, namely information from the United States Coast Guard, the Alaska State Troopers, statements from the Captain of the F/V ALASKAN DREAM, medical findings, and information from vital records regarding both Sean O'Callahan and his son.

LANNING M. TRUEB
Attorney for the Plaintiff
Estate of Sean Patrick O'Callahan

SUBSCRIBED AND SWORN TO before me this 20 day of February, 2018.



Notary Public, State of Alaska
My Commission Expires: 11/17/21

Verified Complaint
*Walker & Estate of Sean P. O'Callahan v. Alaskan Dream Fisheries, LLC* Page 9 of 9